# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM SMITH III., | : | |
| Petitioner, | : | |
| | : | NO. 1:24-CV-00011-LAG-TQL |
| VS. | : | |
| Warden SHANNON WITHERS, | : | |
| Respondent. | : | |

## ORDER

*Pro se* Petitioner William Smith, III. filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. However, he did not pay the filing fee or request leave to proceed without the prepayment of the fee. On February 7, 2024, the Court ordered Petitioner to pay the $5.00 filing or if indigent, file a motion to proceed *in forma pauperis*. ECF No. 3. Petitioner was given fourteen (14) days to respond. *Id*. On February 20, 2024, Petitioner responded that "the $5.00 filing fee has been sent to the court on February 13, 2024 by U.S. mail service, from Shonterra Smith" and that if the "filing fee payment has not been paid, then petitioner request that this court notify the petitioner and the prison officials so that arrangement could be made for petitioner to pay the above filing fee". ECF No. 4. The Court has not received any payment on behalf of the Petitioner.

Petitioner should have paid his filing fee when he initiated this civil action on January 12, 2024. *See* 28 U.S.C. § 1914. It is now over a month later and the minimal fee has not been paid. The Court will not contact prison officials as requested by the

Petitioner (*see id.*) to collect this fee. It is the sole responsibility of a litigant to address filing fees at the time that they initiate a federal lawsuit and not waste judicial resources to seek out the payment of an initial filing fee. Accordingly, Petitioner must make arrangements with prison officials following the procedures set out by prison policy to ensure that the filing fee is paid to this Court or he can utilize other means to submit the $5.00 filing fee to this Court as he purports to have done, **WITHIN FOURTEEN (14) DAYS** from the date of this Order. This is Petitioner's final notice to address the filing fee. Should Petitioner fail to respond or otherwise address the fee, his action will be dismissed without prejudice.

Also pending before the Court is Petitioner's request "that this court allow petitioner to receive a copy of his sentencing transcripts from case no. 1:19-cr-58, which such transcripts are relevant to petitioners argumentative claim in case no 1:24-cv-00011". ECF No. 4. Petitioner has not sent any type of payment for these transcripts and thus appears to be requesting a free copy of these transcripts. First, Petitioner has not in any way demonstrated to this Court that he is indigent. Second, the Eleventh Circuit "has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis,* to free copies of court documents, including his own pleadings." *Jackson v. Fla. Dept. of Fin. Servs.,* 479 Fed. Appx. 289, 292-293 (11th Cir. 2012) (citation omitted). District courts are authorized to require the government's payment for the preparation of transcripts for indigents only in specific circumstances. *See* 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit

or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); *see also United States v. Mitchell*, 2008 WL 824226 (M.D. Fla. Mar. 26, 2008) (stating that a criminal defendant is "not statutorily authorized, as a matter of course, to receive a copy of ... documents free of charge post-appeal"). Specifically, even if Petitioner is indigent, a federal prisoner does not have an absolute constitutional right to a free copy of his trial transcripts or other court records for use in a collateral civil proceeding. *Jefferies v. Wainwright*, 794 F.2d 1516, 1518 (11th Cir. 1986); *United States v. MacCollom*, 426 U.S. 317 (1976).

Here, the basis for Petitioner's habeas claim is clear from the record. *See* ECF No. 1. Petitioner provides no specifics on how providing him the sentencing transcript will be an aid in these habeas proceedings, particularly when he has already identified in which criminal case he is serving a federal sentence, he has provided exhibits about his pre-trial incarceration, and also includes his challenges to the Bureau of Prisons on how his sentence is being carried out. *See id*. Therefore, Petitioner has not established the necessity of a free copy of the sentencing transcript from his criminal case to resolve his pending habeas claim nor has he even demonstrated to this Court that he is indigent. *See Colbert v. Beto*, 439 F.2d 1130 (5th Cir. 1971)[1]; *United States v. Adamson*, 681 Fed. Appx. 824, 827 (11th Cir. 2017) (holding that a defendant "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.").

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Accordingly, Petitioner's motion to receive a free copy of transcripts from his criminal proceedings (ECF No. 4) is **DENIED**.[2]

So **ORDERED**, this 28th day of February, 2024.

s/ *Thomas Q. Langstaff*
United States Magistrate Judge

---

[2] If Petitioner wishes to pay for a transcript from his criminal proceedings, he should send payment to and make arrangements with the court reporter. Likewise, Petitioner may pay for any court documents by sending a letter to the Clerk of Court asking for the cost of each requested document.